

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:06-CR-119(2)** |
| | § | |
| **DOUGLAS EUGENE SUND** | | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court. *See Order of Referral*. The Court now enters its recommendation that the District Court find that Defendant, Douglas Eugene Sund, is competent for sentencing based upon his plea of guilty.

A.   Background

On May 5, 2006, pursuant to the motion of counsel, the District Court entered an *Order* directing the mental examination of Defendant to determine his competency to stand trial [Clerk's doc. #22]. In that order, the Court directed as follows:

"pursuant to Title 18, United States Code, § 4244, it is ORDERED that Defendant, EUGENE DOUGLAS SUND, shall be scheduled for a local psychiatric examination to determine

whether defendant suffers from any mental disease or condition to determine whether defendant is in need of any medications for the treatment of such disease. If it is found that defendant requires medication, the psychiatrist is to write such prescription(s) to be administered to the defendant by the U.S. Marshal Service."

On January 3, 2007, the local examiner, Dr. Edward Gripon, M.D., issued his report to the District Court after evaluating Mr. Sund. Dr. Gripon concluded that Mr. Sund does not demonstrate significant psychiatric problems, and he does not require psychotropic medication.

On February 15, 2007, the Court conducted a hearing to determine Mr. Sund's competency for purposes of sentencing, to assess his need for medication as presented by the Defendant's motion for examination and the District Court's order directing the examination, and to address the findings set forth in the psychiatric report. Neither party objected to the examiner's findings, and all parties agreed that no further evaluation was necessary and the case should proceed to sentencing.

### B.     Conclusion and Recommendation

Accordingly, the undersigned United States Magistrate recommends that the District Court find Mr. Sund competent for purposes of sentencing pursuant to 18 U.S.C. § 4244.[1]

### C.     Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law

---

[1] 18 U.S.C. § 4244 governs the evaluation of the mental condition of convicted defendants, while 18 U.S.C. § 4241 applies to the determination of competency to stand trial. Because Judge Crone already conducted a plea hearing and accepted Mr. Sund's plea of guilty, he is currently awaiting sentencing. The parties, therefore, agree that the instant issues of competency only relate to that proceeding. Accordingly, Section 4244 applies.

and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of February, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE